**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TV Tokyo Corporation, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> The Individuals, Corporations, Limited ) <br> Liability Companies, Partnerships, and ) <br> Unincorporated Associations Identified ) <br> on Schedule A Hereto, ) <br> Defendants. ) | Case No.: 1:23-cv-03091 <br><br> Dist. Judge Rebecca R. Pallmeyer <br><br> Mag. Judge Beth W. Jantz |

## **Motion to Dismiss Under Rule 12(b)(2)**

**NOW COMES** defendant Srliya (hereinafter "Defendant"), by and through its undersigned counsel, and hereby brings this Motion to Dismiss Plaintiff's Complaint against Defendant under Fed. R. Civ. P. 12(b)(2).

**I. Procedural and Factual Background**

On May 17, 2023, Plaintiff filed its Complaint against individuals and entities which operated online storefronts asserting trademark infringement, false designation of origin, and violation of the Illinois Uniform Deceptive Trade Practices Act. [Dkt. 1]. Also on May 17, 2023, Plaintiff filed an *ex parte* Motion for a Temporary Restraining Order, seeking to enjoin all defendants in the lawsuit from manufacturing importing, distributing, offering for sale, or selling any counterfeit versions of Plaintiff's products as well as freezing all of the defendants' accounts with their associated storefronts. [Dkts. 10-11] (hereinafter "TRO"). The Court granted the Plaintiff's Motion for a TRO on May 19, 2023. [Dkt. 31] and the TRO was converted into a preliminary injunction on June 13, 2023. [Dkt. 40].

Plaintiff asserts in its Complaint that this Court maintains "personal jurisdiction over each Defendant, in that each Defendant conducts business in Illinois and in this Judicial District, and the

acts and events giving rise to this lawsuit of which each Defendant stands accused were undertaken in Illinois and in this Judicial District. [Dkt. 1 at ¶ 5]. This representation to the Court is exaggerated. Defendant never sold a single unit of the allegedly infringing product, solicited business, or issued an invoice to an Illinois resident. Declaration of Chenhui Zhang ¶ 5. Plaintiff's assertion that "acts and events giving rise to this lawsuit of which each Defendant stands accused were undertaken in Illinois" is legibly false. [Dkt. 1 at ¶ 5]. Defendant did not purposefully avail itself to the jurisdiction of the State of Illinois or this Court's judicial district. Accordingly, Defendant respectfully requests that this Court dismiss the Plaintiff's Complaint against them under Rule 12(b)(2) for lack of personal jurisdiction.

## II. Argument

### a. This Court lacks personal jurisdiction over the Defendant.

Plaintiff has the burden of establishing personal jurisdiction over a defendant. Tamburo v. Dworkin, 601 F.3d 693, 700 (7th Cir. 2010). This Court's personal jurisdiction exists "only if the defendant had 'certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A., 623 F.3d 440, 443 (7th Cir. 2010) (emphasis added), *quoting*, Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

Personal jurisdiction may be general or specific. Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 787 (7th Cir. 2003). Sufficient Minimum contacts do not exist to support this Court's exercise of either general or specific personal jurisdiction over the Defendant. Accordingly, this Court should dismiss the Plaintiff's Complaint with respect to the Defendant under Rule 12(b)(2) for lack of personal jurisdiction.

*i. Defendant is not subject to general jurisdiction in Illinois.*

General jurisdiction requires a foreign corporation defendant to "have affiliations with the [forum] State [which] are so continuous and systematic as to render [the defendant] essentially at home in the forum State." Daimler AG v. Bauman, 134 S. Ct. 746, 749 (2014). General jurisdiction over the Defendant will exist only where their affiliation with Illinois is "so constant and pervasive as to render it essentially at home" here. This is a fairly high standard requiring a great amount of contacts. Jamik, Inc. v. Days Inn of Mount Laurel, 74 F. Supp. 2d 818, 822 (N.D. Ill. 1999) (declining general jurisdiction over individual defendants who, in their affidavit, stated among other things: (i) they had never lived in Illinois; (ii) they have never done business in Illinois; (iii) they had never had an office in Illinois; (iv) they had never owned property in Illinois; (v) they had never been liable for taxes in Illinois; and (vi) they had never advertised, held a telephone listing or bank account in Illinois as individuals or for the hotel defendant). Applying these factors here, general jurisdiction is manifestly lacking. Plaintiff essentially concedes, and Defendant confirm, that it is a Chinese proprietor with a principal place of business in the Peoples' Republic of China. [Dkt. 1 at ¶ 17]; Zhang Decl. ¶ 4; *See*, Kipp v. Ski Enter. Corp. of Wisc., 783 F.3d 695, 699 (7th Cir. 2015) (holding that maintaining a public website, by itself, is insufficient to establish general jurisdiction). Defendant never owned, leased, or utilized an office in Illinois. Zhang Decl. ¶ 4. Defendant never advertised, held a telephone listing, or maintained a bank account in Illinois, nor has Defendant had any agents, employees, or contractors in Illinois. Zhang Decl. ¶ 4. Plaintiff also does not allege any facts establishing any pervasive or otherwise constant affiliation with Illinois. Accordingly, this Court does not have general personal jurisdiction over the Defendant.

    *ii.  Defendant is not subject to this Court's specific personal jurisdiction.*

This Court also does not have specific personal jurisdiction over the Defendant, which generally requires that "(1) the defendant…purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state"; (2) the

plaintiff's injury stemmed from the "defendant's forum-related activities"; and (3) the exercise of personal jurisdiction "comport[s] with traditional notions of fair play and substantial justice." Felland v. Clifton, 682 F.3d 665, 674 (7th Cir. 2012); Guaranteed Rate, Inc. v. Conn, 264 F. Supp. 3d 909, 916 (N.D. Ill. 2017).  Only after a court determines that a defendant has sufficient "minimum contacts" with the forum State will the Court look to whether subjecting the defendant to the court's personal jurisdiction nevertheless "offends traditional notions of fair play and substantial justice." N. Grain Mktg., LLC v. Greving, 743 F.3d 487, 496 (7th Cir. 2014), *citing*, Int'l Shoe, 326 U.S. at 316 (internal quotes omitted).

There is no special jurisdictional test in the Seventh Circuit for internet-based cases like the instant case.  *See*, Curry v. Rev. Labs., LLC, 949 F.3d 385, 398 (7th Cir. 2020).  However, there is no specific jurisdiction where Defendant's contacts with the forum state are "entirely fortuitous." Adv. Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc., 751 F.3d 796, 802 (7th Cir. 2014), as corrected (May 12, 2014) (answering "no" to the question "has [defendant] purposefully exploited the [Indiana] market" beyond simply operating an interactive website accessible in the forum state and sending emails to people who may happen to live there?"); *See*, Rubik's Brand, Ltd. v. P'ships & Unincorporated Assocs. Identified on Schedule A, 2021 WL 825668, at *3 (N.D. Ill. Mar. 4, 2021) (J. Tharp, Jr.) ("[D]isplaying products online that are shippable to Illinois amounts to nothing more than maintaining an interactive website that is accessible in Illinois.); *Cf.*, Illinois v. Hemi Group, 622 F.3d 754, 758 (7th Cir. 2010) (holding personal jurisdiction over the defendant justified where, in addition to the defendant operating an interactive website, the defendant sold 300 packs of heavily-regulated cigarettes to an Illinois resident and demonstrated its ability to exclude sales to certain states other than Illinois) *Cf.*, Mobile Anesthesiologists Chicago, 623 F.3d at 446 ("A defendant's deliberate and continuous exploitation of the market in a forum state, accomplished through its

website as well as through other contacts with the state, can be sufficient to establish specific personal jurisdiction.") (emphasis added)

1. <u>Defendant has not purposefully directed their allegedly-infringing activities at Illinois or purposefully availed itself of the privilege of conducting business in Illinois.</u>

To establish specific personal jurisdiction, Plaintiff alleges that Defendant offered infringing products for sale on an e-commerce platform and "conducts business in Illinois and in this Judicial District". [Dkt. 1 at ¶¶ 5, 17]. Plaintiff's characterization of Defendants alleged activities are exaggerated. In reality, Defendant did not sell a single accused product to Illinois or this judicial district. Zhang Decl. ¶ 5. These allegations fall far short of: (i) demonstrating that Defendant "availed itself of the privilege of conducting business in Illinois"; or (ii) how Defendant's unadvertised online ecommerce storefronts are "purposefully directed" at Illinois. The requirement that Plaintiff satisfy these jurisdiction standards is to prevent the Defendant - or any defendant - from being haled into a jurisdiction based solely on activities that are random, fortuitous, or attenuated. <u>Cram v. Med. Coll. of Wisconsin</u>, 927 F. Supp. 316, 320 (E.D. Wis. 1996), *citing*, <u>Burger King</u>, 471 U.S. at 475; *See*, <u>Lakeside Bridge & Steel Co. v. Mountain State Const. Co.</u>, 597 F.2d 596, 604 (7th Cir. 1979) (noting that the mere use of the interstate telephone and mail service to communicate with a Wisconsin plaintiff, if constituting contacts supporting jurisdiction, would give jurisdiction to any state into which communications were directed).

"If the defendant merely operates a website, even a "highly interactive" website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution." <u>be2 LLC v. Ivanov</u>, 642 F.3d 555, 559 (7th Cir. 2011) (evidence that 20 Illinois residents had opened accounts on the defendant's interactive website inadequate to support personal jurisdiction); <u>Ariel Invs., LLC v. Ariel Capital Advisors LLC</u>, 881 F.3d 520, 521 (7th Cir. 2018) (distinguishing a defendant "closing [its] eyes to the effects of [its]

decisions from "aim[ing] at" any particular person or state); Sun Chenyan v. P'ships & Unincorporated Assocs. Identified on Schedule "A", 2021 WL 1812888 at *5 (N.D. Ill. May 6, 2021) (J. Kendall) ("Finding specific personal jurisdiction here would likely give rise to universal personal jurisdiction because users from across the country, except those from a handful of places, could purchase from the eBay Stores."); General Tools & Instruments LLC v. The P'Ships, et al., No. 20-cv-1036 Dkt. 167 p. 6 (N.D. Ill. May 17, 2021) (J. Alonso) (vacating default judgment, noting "Defendants put forth evidence that they never advertised or marketed products to Illinois customers and never shipped infringing products to Illinois."); Rubiks Brand (granting motion to dismiss for lack of personal jurisdiction, noting "That an Illinoisan might someday find Yoyoly's website and decide to purchase a counterfeit Rubik's product from the site simply does not suffice to vest the Court with personal jurisdiction over Yoyoly"); MSM Design & Eng'g LLC v. P'ships & Unincorporated Assocs. Identified in Schedule "A", 2021 WL 3187706, at *3 (N.D. Ill. July 28, 2021) (J. Kness); Conti-Bros, Inc. v. The P'Ships, et al., No. 21-cv-02352 Dkt. 51 (N.D. Ill. Aug. 13, 2021) (J. Feinerman); *see also*, Ouyenic Ltd. v. ALUCKY et al., No. 20-cv-03490 Dkt. 134 (N.D. Ill. May 14, 2021) (J. Gettleman) (vacating default judgment and dismissing defendants whose single sale into Illinois was to Plaintiff's investigator).

Specific personal jurisdiction over an online retailer is not established merely because the retailer's website is available in the forum, rather, "online retailers form minimum contacts with a forum when they 'st[and] ready and willing to do business with" residents of the forum and then 'knowingly [] do business with" those residents. NBA Properties, Inc. v. Partnerships & Unincorporated Associations Identified in Schedule "A", 549 F. Supp. 3d 790, 794 (N.D. Ill. 2021) (citing Illinois v. Hemi Grp. LLC, 622 F.3d 754, 758 (7th Cir. 2010));  MSM Design, 2021 WL 3187706 at *2 (N.D. Ill. July 28, 2021). Plaintiff has failed to provide any evidence that Defendant has any greater relationship to this forum than any other forum in the U.S.A. or that Defendant

"knowingly" did business with residents of Illinois. Sun Chenyan (declining to find jurisdiction based on defendant's Ebay store and noting that "finding specific personal jurisdiction here would likely give rise to universal personal jurisdiction because users from across the country, except those from a handful of places, could purchase from the eBay Stores.").

In NBA Properties, a recent Seventh Circuit Court of Appeals opinion, that Court ruled that the defendant knowingly did business in Illinois when they "filled [an] order, intentionally shipping an infringing product to the customer's designated Illinois address." NBA Properties, Inc. v. HANWJH, 46 F.4th 614, 624 (7th Cir. 2022). Accordingly, the court found that the defendant "knew it could be subject to the jurisdiction of Illinois when it shipped a counterfeit product to the forum." Id. at 625. Here, unlike in NBA Properties, Defendant could not have foreseen that they would be haled into Illinois court, as Defendant did not "knowingly do business" with Illinois residents and never shipped the infringing product to Illinois. Id. ("Here, unlike Matlin, we are faced with a situation where an infringing product was shipped to Illinois…The defendants in Matlin could not have foreseen that they would be haled into court in Illinois…[NBA Properties Defendant] knew it could be subject to the jurisdiction of Illinois when it shipped a counterfeit product to the forum."); Cf., Curry v. Revolution Lab'ys, LLC, 949 F.3d 385, 400 (7th Cir. 2020) (finding that Defendant's 767 sales of the infringing product to Illinois residents provided "solid evidence" that Defendant "purposely exploited the Illinois market" and noting that "[t]hese sales certainly distinguish [Defendant] from the defendant that merely operates a website … that is accessible from, but does not target, the forum state.").

Rubik's Brand is very analogous and instructive to the instant case. In Rubik's Brand, this Court determined in a mechanically-identical case that it did not have personal jurisdiction where the defendant averred it made no sale to Illinois residents (or anyone else) and Plaintiff sole basis was a screenshot of not even a sale, but "at most…the possibility that a sale could be made in Illinois." Id.,

p. 7. *See also*, Matlin v. Spin Master Corp., 921 F.3d 701, 706 (7th Cir. 2019) (personal jurisdiction lacking where, despite a sale being made to Illinois resident, the sale was "a single incident conjured up by the plaintiff's attorney for the exclusive purpose of establishing jurisdiction over the defendants."). The Rubik's Brand Court further distinguished the case from Hemi based on the Hemi defendant's 300 sales to Illinois and noted that "displaying products online that are shippable to Illinois" but "[making] no sales to Illinois residents" is insufficient to vest a court with personal jurisdiction. Id. at *3-*4; MSM Design & Eng'g LLC, 2021 WL 3187706 at *3 (finding no purposeful direction where Defendant operated a fully interactive WISH.com storefront and distinguishing the case from Hemi and Curry because defendant "never shipped any product to this forum."). Plaintiff cannot support the necessary contention that any of the Defendant "directed" anything to Illinois, much less sufficient (*e.g.*, more than miniscule sales) activity to warrant this Court's specific personal jurisdiction. be2 LLC, 642 F.3d at 559. Defendant did not sell or ship a single product to Illinois and the fact that an "Illinoisian might someday find [Defendant's] website and decide to purchase a [product] from the site simply does not suffice to vest the Court with personal jurisdiction over [defendant]." Rubik's Brand, Ltd., 2021 WL 825668 at *4. With zero actual sales to any residents of the state of Illinois, Plaintiff has failed to articulate how the Defendant has purposefully availed themself to the jurisdiction of the state of Illinois.

    2. <u>Plaintiff's alleged injury does not arise out of Defendant's activities in Illinois.</u>

Plaintiff does not substantively allege that the Defendant acted at or in Illinois, and similarly cannot show that any damage Plaintiff may have endured was derived from the Defendant's acts in Illinois. A court's specific personal jurisdiction is evaluated by reference to the particular conduct underlying the claims made in the lawsuit. N. Grain Mktg., 743 F.3d at 494, *citing*, Tamburo; *See*, Adv. Tactical Ordnance Sys., 751 F.3d at 802 (where alleged trademark infringer's knowledge that trademark holder was an Indiana company, making it foreseeable that its allegedly misleading emails

and sales would harm trademark holder in Indiana, did not establish minimum contacts necessary to subject it to personal jurisdiction in Indiana consistent with due process in trademark infringement action); Shrum v. Big Lots Stores, Inc., 2014 WL 6888446, at *4 (C.D. Ill. Dec. 8, 2014) (Only a defendant's contacts which "bear on the substantive legal dispute between the parties or relate to the operative facts of the case" are relevant, and none exist in the present case.); *C.f.*, John Walker & Sons, Ltd. v. DeMert & Dougherty, Inc., 821 F.2d 399, 404 (7th Cir. 1987) (holding a non-resident defendant was subject to the lower court's personal jurisdictional where trademark infringement claims stemmed from non-resident defendant executed contract with resident defendant to produce allegedly-infringing products); *C.f.*, Lunatrex, LLC v. Cafasso, 674 F. Supp. 2d 1060, 1070 (S.D. Ind. 2009) (holding non-resident defendant was subject to the court's specific personal jurisdiction in trademark infringement action where non-resident defendant had traveled several times to Indiana in connection with venture, had entered into an informal but long-term relationship with Indiana persons and entities who also were part of venture, and trademark and other claims had arisen directly out of those contacts between those parties).

Plaintiff's does not allege that any of its "injuries" are related to the Defendant's Illinois-specific actions. Plaintiff alleges that Defendant "has sold and continues to sell counterfeit products to consumers within the United States, including Illinois and this Judicial District." [Dkt. 1 at ¶ 17]. However, Plaintiff's assertion as to the Defendant is false and its belief patently mistaken: Defendant has not sold a single allegedly-infringing product into Illinois or this Judicial District. Zhang Decl. ¶ 5. Moreover, the Defendant has not *taken any action* to specifically target sales to Illinois consumers. Zhang Decl. ¶ 4-5. At most, the Defendant operated an online store that was accessible from Illinois. However, this level of accessibility is no different than in any other forum where a resident has internet access and is insufficient to give rise to personal jurisdiction. Matlin 921 F.3d at 706 ("[H]aving an 'interactive website' should not open a defendant up to

personal jurisdiction in every spot on the planet where that interactive website it accessible."). Plaintiff does not, and cannot, allege that its "injuries" are the result of an unconsummated purchase transaction whereby allegedly-infringing product might *possibly* have been sent to an address in Illinois. Rubik's Brand; *See also,* Mold-A-Rama Inc. v. Collector-Concierge-Int'l, 451 F. Supp. 3d 881, 890 (N.D. Ill. 2020) (J. Wood) (noting that "an attempt to sell [defendant's products] at a trade show without an actual sale would still be insufficient to subject [defendant] to personal jurisdiction in Illinois). Again, it is not enough that some "Illinoisan might someday find [the defendant's] website and decide to purchase a counterfeit [] product" at some later date. Rubik's Brand. Accordingly, Plaintiff cannot show that any damage they may have endured was derived from the Defendant's acts in Illinois.

3. This Court's exercise of personal jurisdiction over the Defendant does not comport with fair play and substantial justice.

In addition to failing to show that the Defendant purposefully directed its activities at Illinois or purposefully availed itself of the privilege of doing business in Illinois, or that Plaintiff's "injuries" arose from Defendant's contacts within Illinois, Plaintiff cannot show how subjecting the Defendant to this Court's personal jurisdiction comported with fair play and substantial justice. In making this determination, the Court will consider: (i) the burden of a defendant of having to litigate in the forum; (ii) the interests of the forum; (iii) the plaintiff's interest in obtaining relief; (iv) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (v) the shared interest of the several states in furthering fundamental substantive social policies. Lexington Ins. Co. v. Zurich Ins. (Taiwan) Ltd., 2017 WL 6550480, at *7 (W.D. Wis. Dec. 21, 2017); Felland, 682 F.3d at 677 (7th Cir. 2012). While none of these factors is dispositive, the most important factors to consider are: (i) the interests of the states involved and (i) the relative convenience of litigating in that forum. Asahi Metal Indus. Co. v. Superior Court of Cal., Solano Cty., 480 U.S. 102,

113 (1987). This "analysis does not provide crisp, bright lines for district courts and litigants," but generally the relationship among the defendant, the forum, and the litigation should be close enough to not offend due process. uBID, Inc. v. GoDaddy Grp., Inc., 623 F.3d 421, 433 (7th Cir. 2010); *C.f.*, Kingston Square Tenants Ass'n v. Tuskegee Gardens, Ltd., 792 F. Supp. 1566, 1581 (S.D. Fla. 1992) (exercise of personal jurisdiction would not violate the traditional notions of "fair play and substantial justice" where the quality and nature of the asserted interstate transactions were not "random, fortuitous, or attenuated"); *C.f.*, uBID, 623 F.3d at 432 ("[A] finding that GoDaddy is not subject to personal jurisdiction in a forum it has so thoroughly exploited would create significant barriers to effective relief for similarly situated plaintiffs with more limited resources.").

In the present case, the Defendant would be significantly burdened with having to litigate the merits of the case in Chicago, Illinois. Defendant is based in China and conducts its business in China, nearly 8,000 miles away. Zhang Decl. ¶ 4. Defendant has no office, employees, or agents in Illinois, and the Defendant would face considerable additional expenditures by having to remotely manage local counsel, conduct discovery including depositions[1], and proceed through trial. Id. Further, Illinois' interest in adjudicating the dispute tips against exercising personal jurisdiction. Plaintiff's claims are primarily based in federal trademark infringement and false designation of origin with its claims for violations of the Illinois Uniform Deceptive Trade Practices Act being derivative of or ancillary to its federal claims and based on the exact same facts. [Dkt. 1]. Litigating in this forum would not serve the interstate judicial system's interest in obtaining the most efficient resolution of the controversy as so little - if anything - happened here: evidence supporting

---

[1] "China has indicated that taking depositions, whether voluntary or compelled, and obtaining other evidence in China for use in foreign courts may, as a general matter, only be accomplished through requests to its Central Authority under the Hague Evidence Convention." U.S. Department of State - Bureau of Consular Affairs, available at https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html; Declarations Notifications Reservations Articles: 4,16,23,33 People's Republic of China, available at https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=493&disp=resdn

Plaintiff's claims would theoretically come from individuals with no ties to Illinois and/or from records of a company located out of state. [Dkt. 1 ¶ 17]. The only things present in Illinois are Plaintiff's lawyers, and a defendant is not subject to jurisdiction solely because the plaintiff allegedly suffered injury in the forum state. MG Design Assocs., Corp. v. CoStar Realty Info., Inc., 267 F. Supp. 3d 1000, 1016 (N.D. Ill. 2017). Defendant is a Chinese proprietor and the nations' shared interest is "best served by…an unwillingness to find the serious burdens on an alien defendant outweighed by minimal interests on the part of the plaintiff or the forum State." Asahi, 480 U.S. at 115.

On review, no factor tips in favor of exercising personal jurisdiction; rather, all factors tip against exercising personal jurisdiction, and thus this court exercising personal jurisdiction over the Defendant would offend traditional notions of fair play and substantial justice. Lexington, 2017 WL 6550480, at *8; Felland, 682 F.3d at 677. Given this Court lacks personal jurisdiction over the Defendant the Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(2) and any and all injunctive relief entered against the Defendant should be dissolved.

III. Conclusion

Intellectual property infringement suits against anonymous and generally-Chinese e-commerce retailers are very common in this District and few would disagree that intellectual property infringement is a matter that should be aggressively policed. However, not all Chinese defendants are the same and this movant's foreign actions do not bring with within the Court's' personal jurisdiction. The Defendant is not properly before this Court and should be dismissed outright under Rule 12(b)(2).

Dated this July 26, 2023

                                                                                                        Respectfully Submitted,

                                                                                                        /s/Adam E. Urbanczyk
                                                                                                         Adam E. Urbanczyk
                                                                                                         Brian Swift

                                               AU LLC
                                               444 W. Lake St. 17th Floor
                                               Chicago, IL 60606
                                               (312) 715-7312
                                               adamu@au-llc.com
                                               brians@au-llc.com
                                               *Counsel for Defendant*