IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TV TOKYO CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>        Defendants. | Case No. 23-cv-3091<br><br>Judge Rebecca R. Pallmeyer |

**CONSENT JUDGMENT**

This action having been commenced by TV TOKYO CORPORATION ("Plaintiff") against Defendant No. 196 "Daily Necessities Co.Ltd" ("Defendant"). Plaintiff and Defendant have resolved all claims arising from the allegations in the Complaint.

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defendant since Defendant directly target its business activities towards consumers in the United States, including Illinois. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating an e-commerce store that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and has used infringing and counterfeit versions of the NARUTO Trademarks (collectively, the "NARUTO Products") to residents of Illinois. The NARUTO Trademarks are included in the chart below.

| REGISTRATION NUMBER | REGISTERED TRADEMARK | INTERNATIONAL CLASSES |
|---|---|---|
| 3,229,574 | NARUTO | 9, 16, 25 |
| 3,280,366 | NARUTO | 9, 16, 28, 41 |
| 3,726,754 | NARUTO | 9, 16, 25, 28, 41 |

THIS COURT FURTHER FINDS that Defendant is liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), and false designation of origin (15 U.S.C. § 1125(a)).

IT IS HEREBY ORDERED that:

1. Defendant, the officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with it be permanently enjoined and restrained from:

    a. using the NARUTO Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine NARUTO product or not authorized by Plaintiff to be sold in connection with the NARUTO Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine NARUTO product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the NARUTO Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defendant's Unauthorized NARUTO Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing the NARUTO Trademark; and

    e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or

      inventory not manufactured by or for Plaintiff's, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the NARUTO Trademarks.

2. Pursuant to the parties' settlement agreement, Defendants shall pay Plaintiff nine thousand five hundred dollars ($9,500) in damages (the "Damages Amount").

3. Walmart Inc. ("Walmart") is ordered to transfer the Damages Amount from Defendant's account to Plaintiff within seven (7) calendar days of receipt of this Order.

4. Upon Walmart's transfer of Damages Amount to Plaintiff pursuant to paragraph 3, Walmart shall remove any restraints that were placed on Defendant's e-commerce store and financial account pursuant to the Temporary Restraining Order [ECF 31] and Preliminary Injunction Order [ECF 40].

5. Within thirty (30) calendar days after receiving the Damages Amount from Walmart, to acknowledge full and complete indemnification, Plaintiff will file a satisfaction of judgment with the Court.

6. Each party shall bear its own attorney's fees and costs.

                           IT IS SO ORDERED:

Dated: October 6, 2023

                           Rebecca R. Pallmeyer
                           United States District Judge